UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND, By and Through Its Board of Trustees, and<br><br>CARPENTERS PENSION FUND OF ILLINOIS, By and Through Its Board of Trustees,<br><br>    Plaintiffs,<br><br>v.<br><br>ZOIE LLC,<br><br>    Defendant. | Cause No. 20-461 |

## COMPLAINT

COME NOW Plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND and CARPENTERS PENSION FUND OF ILLINOIS, by undersigned Counsel, and state as follows for their Complaint against Defendant, ZOIE LLC:

### Parties

1.  Plaintiff Central Illinois Carpenters Health and Welfare Fund (hereinafter "Welfare Fund") is an "employee welfare benefit plan" within the meaning of section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1). Welfare Fund's Board of Trustees are fiduciaries within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

2.  Welfare Fund is administered at Lincoln, Logan County, Illinois.

3. Welfare Fund is the designated collection agent for contributions to certain unions, dues, dues check-off and other collectively-bargained funds within the territorial jurisdiction of the Chicago Regional Council of Carpenters, Southern Region ("Regional Council").

4. Plaintiff Carpenters Pension Fund of Illinois (hereinafter "Pension Fund") is an "employee pension benefit plan" within the meaning of section 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A). Pension Fund is a "defined benefit plan" within the meaning of § 3(35) of ERISA, 29 U.S.C. § 1002(35). Pension Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A), and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

5. Pension is administered at Downers Grove, DuPage County, Illinois.

6. Together, Welfare Fund and Pension Fund shall be referred to as "Plaintiff Funds."

7. Defendant ZOIE LLC ("ZOIE LLC") is an Illinois Limited Liability Company in good standing, maintaining its principal place of business in, or around East St. Louis, St. Clair County, Illinois.

8. ZOIE LLC is, was and at all relevant times has been, an "employer" in an "industry affecting commerce" within the meaning of Sections 3(5), (11) and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12), and of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

**Jurisdiction and Venue**

9. This Court has jurisdiction over Plaintiffs' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

10. This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e), and § 301(c) of the LMRA, 29 U.S.C. § 185(c).

11. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

## COUNT I

## (AUDIT LIABILITY DUE)

## (CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND)

COMES NOW Plaintiff Central Illinois Carpenters Health and Welfare Trust Fund, and states as follows for Count I of its Complaint against Defendant ZOIE LLC:

12. Welfare Fund restates and reincorporates paragraphs 1 through 11 of its Complaint as if fully set forth herein.

13. At all times relevant to this Complaint, Defendant has been signatory to a "Recognition Agreement and Adoption of all Collective Bargaining Agreements to Which the Southern Region of the Chicago Regional Council of Carpenters is a Party" ("Recognition Agreement"). A true, accurate and correct copy of the Recognition Agreement is attached hereto as **Exhibit A**.

14. Pursuant to **Exhibit A**, ZOIE LLC agreed:

> …to be bound by and observe the terms and conditions of all current collective bargaining agreements to which the REGIONAL COUNCIL is a party, including but not limited to, the two (2) August 1, 2016, through April 30, 2021 Master Agreements, titled "Two (2) Agreements Between The Associated General Contractors of Illinois and The United Brotherhood of Carpenters and Joiners of America, commonly referred to as the Heavy and Highway Construction Agreement and the Diving Agreement.

15. Pursuant to **Exhibit A**, ZOIE LLC further agreed:

> …to be bound by and observe the terms and conditions of any and all successor agreements negotiated by the REGIONAL COUNCIL covering all employees performing carpentry work, unless the

> EMPLOYER provides the REGIONAL COUNCIL written notice of its intent to amend or terminate the current collective bargaining agreement or any successor agreement at least sixty (60) days, but not more than ninety (90) days prior to said agreement's expiration date.

16. Pursuant Article 10.B of the "Master Agreement" referred to in **Exhibit A**, ZOIE LLC agreed "that all Pension, Annuity and Health and Welfare contributions are to be made in accordance with the applicable Wage Addendum on behalf of and for all hours worked by persons covered by this Agreement." The Master Agreement is attached as **Exhibit B**.

17. Pursuant Article 10.B of the "Master Agreement," ZOIE LLC agreed "…to be bound by the terms of such Trust Agreements as they now exist and as they may hereafter be amended, as if the terms of such Agreements were fully set forth herein."

18. Pursuant Article 10.B of the "Master Agreement," ZOIE LLC agreed it

> …understands and acknowledges that the Trustees of those Funds have the right to make reasonable rules relating to the payment of fringe benefit contributions and pertaining to their rights and remedies against employers who are delinquent in making payment of such contributions to the Funds. The Employer agrees to be bound by such rules as currently exist or may from time to time be established or amended.

19. Pursuant Article 10.B of the "Master Agreement," ZOIE LLC agreed, "Payment of Annuity, Pension and/or Health and Welfare contributions for an employee's work in each locality shall be made to such funds and in such amounts as are identified in the applicable wage addendum in the locality where the work is performed…"

20. ZOIE LLC employs and/or has employed individuals pursuant to said Heavy and Highway Construction "Master Agreement" to perform on-site construction work within the territorial jurisdiction of the Regional Council falling within the craft jurisdiction of the United Brotherhood of Carpenters and Joiners of America ("UBCJA").

21. Pursuant to § 515 of ERISA, 29 U.S.C. § 1145, ZOIE LLC is required to make contributions to Welfare Fund and Pension Fund in accordance with the terms and conditions of the CBA's and/or the terms of the plans establishing Welfare Fund.

22. ZOIE LLC is required to pay health and welfare contributions, as well as dues, dues check-off and other contractually-required contributions, at the hourly rates and in the amounts negotiated by Regional Council in the applicable Regional Council collective bargaining agreement(s) and Wage Addendums.

23. Pursuant to ERISA, the CBA, and the policies adopted by Welfare Fund's Trustees, in the event ZOIE LLC does not timely report and pay contributions, ZOIE LLC is liable for Liquidated Damages and interest. *See*, **Exhibit C**, pp.4-5.

24. During 2020 Welfare Fund audited ZOIE LLC for the period of March 1, 2018 to December 31, 2019. A true, accurate and correct copy of the audit is attached hereto as **Exhibit D**.

25. The audit resulted in a finding of $47,470.85 due to Welfare Fund and those funds on behalf of which Welfare Fund acts as collection agent ("Delinquency").

26. As a result of the Delinquency, ZOIE LLC is liable for interest in the amount of $10,887.11 as set forth in the Audit. *See also*, **Exhibit D**.

27. As a result of the Delinquency, ZOIE LLC is liable for Liquidated Damages in the amount of $9,494.31 as set forth in the Audit. *See*, **Exhibit D**.

28. Pursuant to ERISA, the CBA, and the policies adopted by Welfare Fund's Trustees, as a result of the Delinquency, ZOIE LLC is liable for examination costs in the amount of $1,480.10. *See*, **Exhibits G** and **H**.

29. Pursuant to ERISA, the CBA, and the policies adopted by Welfare Fund's Trustees, as a result of the Delinquency, ZOIE LLC is liable for Welfare Fund's attorneys' fees and costs. *See*, **Exhibit B**, Article 10.B, p. 14 ("In the event the Union and/or Trustees are required to file suit… and a judgment is rendered in favor of the Union and/or Trustees, as part of said judgment, a reasonable amount of the attorney's fees and court cost shall be awarded them by the court.")

30. Demand was made upon ZOIE LLC for payment of the foregoing amounts, but ZOIE LLC failed and refused to pay. *See*, **Exhibits G** and **H**.

31. As a result of the actions complained of herein, Welfare Fund has been harmed.

WHEREFORE, Plaintiff Central Illinois Carpenters Health and Welfare Trust Fund respectfully prays that the Court:

(a) Enter Judgment for Welfare Fund and against Defendant ZOIE LLC.

(b) Enter an Order awarding Welfare Fund $47,470.85 in delinquent fringe benefit contributions.

(c) Enter an Order awarding Welfare Fund interest in the amount of $10,887.11.

(d) Enter an Order awarding Welfare Fund Liquidated Damages in the amount of $9,494.31.

(e) Enter an Order awarding Welfare Fund audit costs in the amount of $1,480.10.

(f) Enter an Order awarding Welfare Fund its attorneys' fees and costs in an amount to be proven at trial.

(g) Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT II

## (AUDIT LIABILITY DUE)

## (CARPENTERS PENSION FUND OF ILLINOIS)

COMES NOW Plaintiff, Carpenters Pension Fund of Illinois, and states as follows for Count II of its Complaint against Defendant ZOIE LLC:

32. Pension Fund restates and reincorporates paragraphs 1 through 11 and 12 through 31 of Count I of its Complaint as if fully set forth herein.

33. ZOIE LLC is required to pay pension contributions, at the hourly rates negotiated by Regional Council in the applicable Regional Council collective bargaining agreement(s) and Wage Addendums.

34. Pursuant to ERISA, the CBA, and the policies adopted by Pension Fund's Trustees, in the event ZOIE LLC does not timely report and pay contributions, ZOIE LLC is liable for Liquidated Damages. *See*, **Exhibit E**, pp.2-3.

35. During 2020 Pension Fund audited ZOIE LLC for the period of March 1, 2018 to December 31, 2019. A true, accurate and correct copy of the audit is attached hereto as **Exhibit F**.

36. The audit resulted in a finding of $32,497.38 due to Pension Fund ("Delinquency").

37. As a result of the Delinquency, ZOIE LLC is liable for Interest in the amount of $8,278.66 as set forth in the Audit.

38. Pursuant to ERISA, Pension Fund is entitled to an award of the greater of interest, or Liquidated Damages in an amount not to exceed twenty percent (20%) of the Delinquency. Pension Fund is entitled to Liquidated Damages in the amount of $6,499.48.

39. Pursuant to ERISA, the CBA, and the policies adopted by Welfare Fund's Trustees, as a result of the Delinquency, ZOIE LLC is liable for examination costs in the amount of

7

$1,480.10. *See*, **Exhibits G** and **H**.

40. Pursuant to ERISA, the CBA, and the policies adopted by Welfare Fund's Trustees, as a result of the Delinquency, ZOIE LLC is liable for Welfare Fund's attorneys' fees and costs. *See*, **Exhibit B**, Article 10.B, p. 14 ("In the event the Union and/or Trustees are required to file suit… and a judgment is rendered in favor of the Union and/or Trustees, as part of said judgment, a reasonable amount of the attorney's fees and court cost shall be awarded them by the court.")

41. Demand was made upon ZOIE LLC for payment of the foregoing amounts, but ZOIE LLC failed and refused to pay. *See*, **Exhibits G** and **H**.

42. As a result of the actions complained of herein, Welfare Fund has been harmed.

WHEREFORE, Plaintiff Carpenters Pension Fund of Illinois respectfully prays that the Court:

(a) Enter Judgment for Pension Fund and against Defendant ZOIE LLC.

(b) Enter an Order awarding Pension Fund $32,497.38 in delinquent fringe benefit contributions.

(c) Enter an Order awarding Pension Fund Interest in the amount of $8,278.66.

(d) Enter an Order awarding Pension Fund Liquidated Damages in the amount of $6,499.48.

(e) Enter an Order awarding Welfare Fund audit costs in the amount of $1,480.10.

(f) Enter an Order awarding Pension Fund its attorneys' fees and costs in an amount to be proven at trial.

(f) Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP


 /s/ James R. Kimmey
JAMES R. KIMMEY, No. 6314932
101 W. Vandalia St., Suite 245
Edwardsville, IL  62025
(618) 692-5250 (tel.)
(618) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com

Attorneys for Plaintiffs